# IN THE SUPREME COURT OF THE STATE OF NEVADA

CRAIG MICHAEL TITUS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72962

**FILED**

SEP 1 4 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

Appellant Craig Michael Titus filed his petition on August 27, 2014, more than 6 years after his judgment of conviction was entered on August 8, 2008. Thus, his petition was untimely filed. *See* NRS 34.726(1). His petition was also successive because he had previously sought postconviction relief.[1] *See* NRS 34.810(2). It was therefore procedurally barred absent a demonstration of good cause and prejudice, *see* NRS 34.726(1); NRS 34.810(3), or a showing that a fundamental miscarriage of justice would result from failing to consider the claims raised in the petition on their merits, *see Clem v. State*, 119 Nev. 615, 621, 81 P.3d 521, 526 (2003). Moreover, because the State pleaded laches, Titus was required to overcome the presumption of prejudice to the State. *See* NRS 34.800.

Titus alleges that the district court abused its discretion by denying his motion for postconviction investigative services because

---

[1]*Titus v. State*, Docket No. 59343 (Order of Affirmance, September 12, 2012).

18-35965

without an investigator he was unable to show why the procedural bars should be excused.[2] We disagree because Titus requested an investigator in order to conduct a fishing expedition and therefore failed to demonstrate that such services were reasonably necessary. *See Ayestas v. Davis*, ___ U.S. ___, 138 S. Ct. 1080, 1094 (2018) (explaining what a postconviction petitioner must allege to demonstrate that investigative services are reasonably necessary in the context of similar federal rules). He also fails to demonstrate that he was prejudiced by the lack of an investigator. *See Bonin v. Calderon*, 59 F.3d 815, 837 (9th Cir. 1995). We therefore conclude that the district court did not err by dismissing the petition, and we

ORDER the judgment of the district court AFFIRMED.

_____ *Cherry*, J.
Cherry

_____ , J.
Parraguirre

_____ , J.
Stiglich

cc: Hon. Susan Johnson, District Judge
Law Office of Patricia M. Erickson
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]Titus also argues that his rights to due process and equal protection were violated because he was unable to file his motion for investigative services ex parte, which allowed the State to argue against it. Titus is mistaken; NRS 7.135 provides that an attorney may file an ex parte application for reasonably necessary investigative services, and the statute applies in postconviction proceedings. *See* NRS 7.155.

SUPREME COURT
OF
NEVADA

(O) 1947A